UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI (ST. LOUIS)

| | |
|---|---|
| In Re:<br>KAMRAN TAJKARIMI<br>　　　　Debtor(s)<br><br>FIRST COMMUNITY CREDIT UNION<br>　　　　Respondent | Case No. 19-45177-659<br><br>Chapter 13<br><br>Motion No.<br><br>RESPONSE IN OPPOSITION TO<br>DEBTOR'S MOTION TO EXTEND<br>AUTOMATIC STAY |

COMES NOW First Community Credit Union ("FCCU"), and states:

1. Debtor's current Chapter 13 case was filed on 08/19/2019. This is debtor's **third filing**. His **second Chapter 13 case** was filed on 4/25/2019 (#19-42626-659) and dismissed on 5/10/2019. His **first case** was filed on 03/13/2018 (#18-41448-659) and dismissed on 04/11/2018.

2. On 05/21/2012 Debtor executed an Open-End Home Equity Credit Agreement ("Credit Agreement") with FCCU which was secured by a mortgage on debtor's real estate commonly known as 2150 Kehrs Mill Road, Chesterfield, Missouri 63005. The legal description is as follows:

> LOT 102 OF KEHRSWOOD PLAT 1, A SUBDIVISION IN THE COUNTY OF ST. LOUIS, STATE OF MISSOURI, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 256 PAGES 70-71 OF THE ST. LOUIS COUNTY RECORDS.

3. The approximate amount owed to FCCU is $75,300.63 plus attorney fees, interest, and costs. The account is past due for the 10/15/2018 payment and all coming due thereafter.

4. FCCU opposes debtor's motion to extend stay for these reasons:

　a) Debtor filed his first Chapter 13 case (18-41448) on 03/13/2018 in order to halt FCCU's scheduled foreclosure. The first case was dismissed less than one month after it was filed because debtor failed to file Schedules, Statements and Plan and failed to attend the 341 meeting. Debtor did not pay his first Plan payment.

　b) FCCU again scheduled a foreclosure which was set for 04/26/2019. Debtor filed his second case pro se on 4/25/2019 in order to halt that foreclosure. Debtor again did not file Schedules, Statements or a Plan. The second case was dismissed less than one

month after it was filed. Movant had a motion for relief pending when the second case was dismissed.

    c) In the instant case, debtor has also failed to file Schedules, Statements, or a Plan.

    d) It is not possible for creditors or this Court to assess any substantial changes in debtor's financial or personal situation since no Schedules have been filed in any of the three cases. Debtor has failed to provide any information to creditors or the Court.

    e) Providing basic personal and financial information to creditors is the most basic duty of a debtor in a Chapter 13 case. Debtor has failed to do this. Debtor is attempting to manipulate the bankruptcy system while hoping to remain in his home for free.

5.     Movant further requests waiver of the 14-day stay provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, First Community Credit Union prays this Court deny debtor's motion to extend the automatic and for such other relief as the Court may deem just and proper.

SOMMARS & ASSOCIATES, L.L.C.
By: /s/ Donna M. Sommars
    Donna M. Sommars  MO #34043
    Attorney for First Community Credit Union
    326 South 21st Street, Ste. 510
    St. Louis, MO  63103
    314/241-5500; fax 314/241-5507
    donna@sommars.net

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically on 8/26/2019 with the U.S. Bankruptcy Court and has been served on the parties in interest via email by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing was filed electronically with the U.S. Bankruptcy Court and has been served by Regular U.S. Mail Service, first class, postage prepaid, addressed to the parties listed on the Court's Manual Notice List and listed below on 8/26/2019:

Kamran Tajkarimi, debtor, 2150 Kehrs Mill Rd, Chesterfield, MO 63005

    /s/ Donna M. Sommars